D/F

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 31 2010 ★
BROOKLYN OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JCJ MARKETER CORP. d/b/a JCJ
COURIER & MARKETER,

                        Plaintiff,

        -against-

TIERRA NUEVA ORGANIC, INC.,
GABRIELA ARANGO, individually and in
any corporate capacity,

                        Defendants.
-----------------------------------------------------------------X
```

MEMORANDUM & ORDER

09-CV-1487 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

On April 10, 2009, Plaintiff filed this civil action against Defendants Tierra Nueva Organic, Inc. ("Tierra") and Gabriela Arango ("Arango"). (See Compl. (Docket Entry #1).) The Complaint names Arango in her individual and corporate capacities. (Id.) On August 17, 2009, Plaintiff moved for an entry of default against both Defendants. (See Motion for Entry of Default (Docket Entry # 5).) The Clerk of Court entered default only against Arango. (See Docket Entry dated Mar. 3, 2010.) Since Plaintiff moved for default, the Clerk of Court has made numerous telephone requests to Plaintiff to submit additional evidence of service. (See Docket Entries dated Nov. 17, 2009; Dec. 15, 2009; Jan. 12, 2010; Mar. 3, 2010; and Mar. 26, 2010.) To date, the Clerk has declined to enter default against Tierra. For the following reasons, Plaintiff's application for an entry of default against Tierra is denied.

I.      **DEFAULT JUDGMENT**

Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment. First, a plaintiff must obtain a notation of default. Under Rule 55(a), the

1

clerk must enter a notation of default "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Under Local Rule 55.1, "[a] party applying for a certificate of default by the clerk pursuant to Federal Rule of Civil Procedure 55(a) shall submit an affidavit showing (1) that the party against whom a notation of default is sought is not an infant, in the military, or an incompetent person; (2) that the party has failed to plead or otherwise defend the action; and (3) that the pleading to which no response has been made was properly served." S.D.N.Y. & E.D.N.Y. L. Civ. R. 55.1. Second, upon obtaining a notation of default, "a plaintiff must next seek a judgment by default under Rule 55(b)." New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005).

## II. BACKGROUND

Plaintiff alleges that Tierra is a New York corporation that maintains its principal place of business in New Jersey. (See Compl. ¶¶ 7-8.) Plaintiff also alleges that Arango "is, or was, an officer, director, partner, owner and/or shareholder of Tierra during the relevant time period." (Id. ¶ 9.) On August 17, 2009, Plaintiff moved for an entry of default against both Defendants. (See Motion for Default.) In support of its application for default, Plaintiff's attorney submitted a declaration stating, inter alia, that Tierra and Arango were served with a summons and complaint and that they have not timely answered or otherwise defended this action. (See Fierst Decl. (Docket Entry # 5).) Plaintiff also submitted an affidavit of service for each Defendant. In the affidavit of service for Tierra, the process server states that she personally served Tierra at its address in New Jersey on June 22, 2009. (Tierra Proof of Service (Docket Entry # 3).) The affidavit does not indicate who, if anyone, accepted service on behalf of Tierra. In Plaintiff's

2

affidavit of service for Arango, the process server states that she personally served Arango at her Brooklyn apartment on June 22, 2009. (Arango Proof of Service (Docket Entry # 3).)

## III. DISCUSSION

Plaintiff's application for default against Tierra adequately sets forth two of the three requirements for a default notation. Plaintiff states that Tierra has not answered or otherwise defended this lawsuit. And because Tierra is a corporate entity, a statement that Tierra is not a minor, mentally incompetent, or in the military service is unnecessary. Whether Plaintiff is entitled to an entry of default, therefore, depends on whether Plaintiff has shown that Tierra was properly served.

Rule 4 of the Federal Rules of Civil Procedure governs service of process in federal court. Under Rule 4, a domestic corporation may be served in a United States judicial district in two ways. First, service may be effected,

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1)(B). Second, service may be effected by following "state law for serving a summons in an action . . . in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A). In this case, service under state law could validly be effected under New York's standard for service on a corporation, as this district court is located in New York, see Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A), or New Jersey's standard for service on a corporation, as service was purportedly effected in New Jersey, see id. Under New York law,

> [p]ersonal service upon a corporation or governmental subdivision shall be made by delivering the summons . . . upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service.

3

N.Y. C.P.L.R. § 311(a)(1). New York also recognizes that "service of a single summons upon an officer of a corporate defendant who is also an individual defendant is effective service on both defendants." Port Chester Elec. Co. v. Ronbed Corp., 284 N.Y.S.2d 9 (2d Dep't 1967). Under New Jersey law, service of process may be made upon a corporation,

> by serving a copy of the summons and complaint . . . on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties, provided, however, that a foreign corporation may be served only as herein prescribed subject to due process of law.

N.J. Ct. R. 4:4-4(a)(6).

Regardless of which body of law Plaintiff relies on, Plaintiff has not submitted adequate proof that Tierra was served. Rule 4 of the Federal Rules requires that proof of service must be made by the process server's affidavit, unless service is effected by the United States Marshals.[1] Fed. R. Civ. P. 4(l)(1). Under all the applicable standards for service of process, personal service must be made on one of several corporate officers or agents. Plaintiff's affidavit of service does not indicate which, if any, of Tierra's officers or employees were served. The affidavit only states that "personal service" was made on Tierra at a particular address in New Jersey. Without information about which individual was served at the address provided in the process server's affidavit, the court has no way to determine if service was properly effected.

Although New York law recognizes that serving a corporate officer who is also an individual defendant constitutes adequate service on both the corporation and the officer, see Port Chester, 284 N.Y.S.2d at 9, Plaintiff's evidence of service on Arango, without more, is

---

[1] "Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended." Fed. R. Civ. P. 4(l)(3).

4

insufficient to establish that Tierra was properly served. Plaintiff has not provided adequate proof that Arango is one of Tierra's corporate officers capable of receiving process. The only indication in the record that Arango is one of Tierra's officers is Plaintiff's un-verified complaint, which alleges that Arango "is, or was, an officer, director, partner, owner and/or shareholder of Tierra during the relevant time period." (Compl. ¶ 9.) The court will not hold that Tierra was properly served, through Arango, based on unsworn allegations that he is one of Tierra's corporate officers.

Plaintiff's motion for entry of default has been pending for over seven months. Rather than allow this lawsuit to stall at the first step of the procedure for obtaining default judgment, the court exercises its inherent powers to manage its docket and denies Plaintiff's motion for an entry of default against Tierra. See generally 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2682 (3d ed. 1998) ("The fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so.").

## IV. CONCLUSION

Plaintiff has not submitted adequate proof that it has properly served Defendant Tierra. Accordingly, Plaintiff's motion for entry of default against Tierra is denied.

SO ORDERED.

Dated: Brooklyn, New York
March 16, 2010

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge